The first case this morning is 523-0406, People v. Lanning. Arguing for the appellant is Ann Izzi. Arguing for the appellee is Linus Hizzo. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, counsel. How are you all? Good morning. I'm doing well. How are you? Great. Thank you. We're doing well. I think Mr. Hizzo, we're bookending him. We've got him first and then here in a little bit. So we'll see him later as well. But Ms. Izzi, are you ready to proceed? Yes, I am, Your Honor. Then go right ahead. Thank you. May it please the court, my name is Annie Izzi from the Office of the State Appellate Defender on behalf of the appellant, Daniel Lanning. Mr. Lanning was facing 8 years in prison, but ultimately sentenced to 22 years when the court considered improper aggravating factors and failed to consider relevant mitigating evidence. Most importantly, the fact that he had lived a law-abiding life for the past 41 years. While this is a serious offense, Mr. Lanning took responsibility for his actions immediately by being cooperative and truthful with police, quickly pleading guilty, and apologizing for his actions. But the consideration of improper aggravating factors resulted in a sentence 14 years above the minimum. The court considered facts inherent in the offense to increase Mr. Lanning's sentence. This is improper because the legislature already took into account the aggravating nature of these facts when setting the penalty range. Here, the two elements already considered by the legislature in setting this range were that the victim is between and including 13 to 17 years old and that the defendant holds a position of trust, authority, or supervision in relation to the victim. However, then at sentencing, the court spent over two pages of a six-page sentencing finding discussing how the victim's age of being 14 years and 10 or 11 months and Mr. Lanning's role as a house parent were aggravating when those factors were exactly why Mr. Lanning was able to be charged under this offense to begin with. The court explained that it put these two facts on its own sliding scale to determine the appropriate sentence for Mr. Lanning. According to the court, for this offense, the closer you get to age 13 for the victim, the more egregious the court saw that, saying that the victim here being 14 years and 10 or 11 months was at the lower end and therefore deserving of a higher sentence and that the minimum in cases like this are when a victim is 17 years old and 11 months, essentially displaying a personal policy of never granting the minimum to a defendant whose victim was younger than 17 years old. The court also viewed Mr. Lanning's specific supervisory role in this case as more egregious than an ordinary public school official dealing with ordinary children because of the troubled young ladies that he was in a position of trust to. And therefore, this moved him up on the sliding scale as well and more deserving of a harsher sentence. However, the court made no causal link between its sliding scale sentencing policy based on these two factors and a greater degree of harm at play in this case based on the facts of this case. The court didn't explain why these facts were worse than what the legislature had already factored in when setting the penalty range. The court had commented that the closer you get to age 13, the more egregious the court saw that because the time frame was really critical to 13 and 14 year old boys and girls. However, the court was not presented with any evidence to explain why a 13 or 14 year old is in a more critical time frame of life than a 16 or 17 year old. All children within that range of 13 to 17 are in formative stages of life, which is evidenced by the legislature's choice to include this entire age range for this offense. Additionally, the court did not explain how Mr. Lanning's role as a house parent created a greater degree of harm than is naturally created from any person in a position of trust to a 13 to 17 year old. In fact, these concerns are the exact reason why the subsection was created to address the increased vulnerability and harm at play when a minor is assaulted by someone who the minor trusts and obeys. Similarly, the consideration of the victim's extreme vulnerability was improper because the vulnerability is inherent in this offense and also because victims' personal traits cannot be used to make comparative judgments that offending against this person is worse than the same offense against another person because of this personal trait, which is exactly what the court did here when it said all 14 year old girls are vulnerable, but in this case she was extremely vulnerable and therefore that was improper. Also, the judge showed bias against sex offenders like Mr. Lanning when it said that in some ways these types of cases are more serious than murders. A trial court cannot determine a sentence based on its personal beliefs or prejudice against a defendant. Here, the legislature set the penalty range as less serious than the murder penalty range and the judge's opinion should not factor into that. This is similar to the case of People v. Zemke where the appellate court ruled that the trial court abused its discretion by indicating that he believed the defendant's crime was more reprehensible than murder, an offense that has far severe penalties. And the impact of these improper factors was not insignificant where the court spent over a third of its findings discussing these factors and it resulted in a sentence twice over the minimum. Additionally, the court did not adequately consider Mr. Lanning's mitigation or his rehabilitative potential. Although the trial court stated that it considered the mitigating evidence, the court's finding indicated otherwise. It isn't that the trial court's job is to look at the aggravating and the mitigating and make a decision based on those things and that's what the trial court did in this case? Yes, that is up to the trial court's discretion. However, when reliable mitigating evidence is presented to it, the court has to accord that some weight. In this case, with some of the mitigating evidence, the court did not give it any weight at all, such as one in particular was Mr. Lanning's expressions of remorse and acceptance of responsibility. There was evidence that showed that Mr. Lanning was remorseful and did accept responsibility. One being that he pleaded guilty and he pled guilty in an open plea and he did that very quickly so as not to put the victim through a trial. He also apologized at sentencing and his statement and allocution, he began with an apology to the victim and apologizing for his actions. He was cooperative with police since the beginning and his father testified at sentencing that he was remorseful. And the trial court did not consider these expressions as mitigating because according to the trial court, Mr. Lanning did not accept full responsibility based on some statements in the sex offender evaluation. However, even partial acceptance of responsibility is mitigating and that's a factor that the trial court should be considering. Also, the trial court did not consider the low to moderate risk levels in the sex offender evaluation. The trial court only focused on the aggravating parts of the evaluation and did not give any credit to the low and moderate results. In fact, the court also was very speculative and didn't believe some of the evaluator's findings as to his risk level. But when relevant and reliable evidence is put in front of the court, it should be considered rather than the court speculating on its own. And here, the court had risk levels in front of it to base its consideration on. Additionally, the court did not give adequate weight to Mr. Lanning's 41 years of law-abiding life. The lack of prior convictions is a strong mitigating factor for sentencing and it demonstrates rehabilitative potential. Here, the court failed to fashion a sentence that recognized his prior 41 years of law-abiding life and a sentence that served the goal of rehabilitation when it gave a sentence 14 years above the minimum. The record shows that the trial court spent most of its ruling focused on aggravating factors in very little discussion of mitigating evidence. In fact, the court did not even say the word rehabilitation. Mr. Lanning, again, had no prior convictions. He accepted responsibility for his actions. Additionally, he has strong family support and involvement. His father testified at sentencing that they supported Mr. Lanning and that will motivate Mr. Lanning to stay on the right path. However, the court did not even mention any family support or involvement in its findings. Overall, the sentence imposed by the trial court reflected a failure to consider mitigating factors and a reliance on improper aggravating factors and therefore we're requesting to the minimum or remand for resentencing. Thank you, counsel. Before we move on, Justice Moore, Justice Vaughn, do you have any questions? No questions. Questions? And obviously you'll have your time for rebuttal. Mr. Hizzo, go right ahead. Chief Justice, your honors, and may it please the court. My name is Louis Hizzo and I represent the state on this matter. This court should affirm defendant's consecutive sentences for the criminal sexual assaults and as an initial point of contention, the state maintains again that defendant's challenges are only subjected to a plain error review. As highlighted by the record, defendant did not object to the trial court's considerations at sentencing and defendant's initial motion following that sentence requested a reduction in his sentence under excessive grounds. It was not until defendant's amended motion to reconsider that the as well as his position of trust or authority in aggravation. People versus Hillier cited in our brief, the Illinois Supreme Court was explicit in its requirement that in order to preserve a claim for appeal, both a contemporaneous objection and a written post-sentencing motion raising the issues required and that requirement was again echoed in the Illinois Supreme Court recent decision under People v. Johnson, where there the defendant similarly only filed a post-sentencing motion and the Supreme Court again discussed the requirements. As instructed under the recent holding in Johnson, defendant is also limited in his invocation of second wrong plain error because the Supreme Court in Johnson recognized the application of the doctrine to those limited exceptional circumstances where application of that rule is necessary to preserve the integrity and reputation of the judicial process. So in doing so, the Supreme Court there as well declined to extend the doctrine's application to a claim of a trial court's sentencing considerations. Therefore, the defendant's claims here must be examined under a plain error analysis which the defendant was established that plain error occurred and the evidence presented was closely balanced. Here, no error occurred when the trial court considered minor's age, the defendant's role at the Baptist church home in aggravation because in doing so, the court was considering the degree of harm and circumstances surrounding the defendant's conduct. People v. Bowen cited in our brief establishes that as a general rule, a court may not consider a factor implicit in the offense as an aggravating factor in sentencing. However, Bowen also recognized that a court may consider the nature and circumstances of the offense to include the nature and extent of the elements of the offenses committed by the defendant. Bowen further recognized that a court is not required to refrain from making any mentions of the facts in which that constitute some of the elements of the offense and the commission of any offense regardless of whether that offense deals with harm can have varying degrees of harm. In Bowen, a similar argument was presented before the appellate court in which the defendant argued that the court's consideration finding a seven inch sharpened shank in the cell as an aggravating factor was improper because it was implicit in the offense of possession of weapon in a penal institution. However, the appellate court there held that the lower court's comments reflected the nature and circumstances of the offense and found the considerations there to be proper. Here, defendant initially takes issues with consideration of the minor's age as an aggravating factor. The court found that the minor being 14 years old in aggravation was closer to the end of the spectrum prescribed in the range of the offense, which here was between 13 and 18 years old. To this end, the state maintains that the trial court's consideration was given a sentencing range to consider for this specific offense. That range here was four to 15 years in IDOC for the charge. That sentencing range is best effectuated by a trial judge that can consider the circumstances and relevant facts. Similar to Bowen, the fact that a victim here was on the lower end of the range was relevant to the court's determination. In their brief, the defendant cites to People v. Calva for the proposition that a victim's age cannot be considered in aggravation for a more severe sentence within the statutory range. However, in so much that Calva did support that proposition, the state maintains that People v. Spicer decided 14 years later in the same district instructed that such a rule should not be applied rigidly. The appellate court there instructed that in assessing the degree of harm, a sentencing court may consider the victim's age, even though the victim's age is an element of the offense of sexual assault for which the defendant was convicted of. The trial court here followed the same principles prescribed under Spicer and used a balancing approach to the minor's age in conjunction with the sentencing range that it was provided. This court should affirm those the principles detailed under the holding in Spicer and affirm the lower court's approach in weighing the minor's age. Similarly, it was not improper for the court to also consider the defendant's position of trust in the context of his specific role over the minor as a house parent in a children's Baptist home. After carefully reviewing the record as a whole, it's obvious that the lower court's comments considered the degree of harm and the circumstances in his conduct, in defendant's conduct, excuse me. The state's position here is supported by People v. Saldivar and O'Toole. People v. O'Toole cited in our brief. In O'Toole, the court recognized that although a particular factor might be inherent in a particular crime, the degree to which it is present will be different in every occurrence. Again, People v. Goyer further elaborates and more and provides that a court may also reflect on the nature and defense of the offense surrounding the circumstances, including the extent to which each element was committed. Here, in considering defendant's position over the minor, the court was commenting on the gravity of defendant's conduct and taking advantage of an at-risk minor who was placed in that home. A home where he was employed as a house parent and the child could have been placed for a number of different reasons and all of that was reflected in the trial court's pronouncements. The court was noting the defendant's conduct was abhorrent and examining, really detailing to the degree of trust and authority that he exercised over the minor because of his role. Contends that the trial court also improperly considered the victim's extremely vulnerable status as an aggravating factor, but to this end, there is long-established case law cited within our brief supporting that a trial court's consideration of vulnerability of a victim in formulating a sentence is appropriate. In support of this proposition, we've cited a number of cases, but notably we would stand on People v. Helm, 4th District from 1996, which further elaborated that the vulnerability of a victim is a factor in assessing the heinous crime or the heinous nature of a crime and rehabilitative potential of the defendant. I understand that the defendant also cites the People v. Joe in support of their contention. However, Joe is not instructive here because the inquiry there was whether a court could consider a victim's status within the community as an aggravating factor instead of vulnerability. It's a little bit more specific in the sense that the analysis there surrounded a victim's personal trait regarding his profession as a doctor. Here, the trial court was reflecting on the minor's vulnerability because she was a residential home, in a residential home for, again, at-risk children. The court found that to be extremely troubling because of the nature involving the circumstances of children that are generally placed in those homes. The defendant also takes issue with the trial court's comments. In their brief, they talk about how the trial court commented that in certain cases, or in some ways, these types of cases are more serious than murderers, and argues that the trial court also exercised some sort of the minimum because the victim here was younger than 17 years, and there was, you know, the trial court wouldn't have given it to him regardless of the facts and circumstances. But to this point, this honorable court should hold a long-standing precedence establishing that the record as a whole should be examined rather than focusing on a few words and the statements made. Did the trial judge actually say these cases are worse than murder, or did he say in some respects these cases are worse than murder? The quote is, in some ways, those types of cases are more serious than murders, Your Honor. That was the exact terminology that was used by the trial judge in this instance. But again, in examining the record as a whole, Your Honor, it's clear that the trial court considered multiple factors in aggravation and mitigation, not just that specific statement. And the record further reflects that. It prescribed a sentence and reflected those considerations as opposed to prescribing a generic sentence. To the rest of the points that are highlighted on contention, we would rest on our brief. And I see that my time has expired, Your Honor. I would ask this court to affirm defendant's convictions or, excuse me, consecutive sentences on appeal. Thank you. Thank you, counsel. Justice Vaughn, Justice Moore, do you have any questions for Mr. Hizzo? No. No other questions. Thank you. Thank you, counsel. Ms. Izzy, go right ahead with your rebuttal. Thank you. Firstly, I would like to comment on forfeiture that Mr. Hizzo brought up. We do not concede that these issues were not preserved. They were preserved through a motion to reduce sentence that was filed. And although a contemporaneous objection during the sentencing hearing would normally be required to fully preserve the issue, in cases where the objection in the issue is to the court's own conduct, those forfeiture rules are relaxed because there is a presumption that an objection to the court's own conduct would fall on deaf ears. And in those cases, courts have said that a contemporaneous objection is not required to preserve the issues as long as they are in a post-trial motion. As the Johnson case also noted that the main reason for the forfeiture rule is that the trial court has an opportunity to correct its own mistakes. And in this case, by filing the motion to reduce sentence and having a hearing on that, the court did have an opportunity to correct its own mistakes. And therefore, it was preserved. If the score were defined otherwise, this can be reviewed under plain error as well because the sentencing evidence was closely balanced. Additionally, it can be reviewed because it was ineffective for counsel to not object at the time of sentencing. And therefore, we are arguing that this was fully preserved but can be reviewed under plain error nonetheless because there were errors. To counsel's next point that the factors inherent in the offense were just the court commenting on the degree of harm. In Bowen, the court made mere mentions about facts inherent in the offense. Here, the court commented on these facts for at least a third of its sentencing findings. These were not mere mentions. These were two aggravating factors that the court considered strongly and played a large role in the ultimate sentence. And therefore, this is distinguishable from Bowen for that reason. Additionally, the court did not explain the connection between how it viewed these two as more harmful and why they were more harmful. In People v. Calva, the court said that, you know, there is, there may be psychological harm that results from these kinds of offenses. There is psychological harm that results from these types of offenses. And in that case, it was a six-year-old when the elements required that the victim be 12 years or under. And in this case, the court commented that the victim being six years old was an aggravating factor. The reviewing court ruled that without specific evidence as to why this was more harmful to the six-year-old, it was improper for the court to comment on that and use that as an aggravating factor. That is similar to the case here. If there were evidence as to why this victim being 14 years old did, was more harmed by these actions, then that is something the court may have been able to comment on properly. But in this case, there was no causal connection between those things. Additionally, in commenting on the victim's vulnerability, the case that Mr. Hizzo relies on, in that case, the victim's vulnerability was not already considered in the offense. In this case, the vulnerability was already considered in the elements of the offense and in the legislature setting that penalty range. And that is additionally why that was improper. And for these reasons, we are requesting that this court reduce Mr. Lanning's sentence or remand for resentencing. Well, thank you, counsel. Before we let you all go, Justice Vaughn, Justice Moore, do you have any final questions? No. No other questions. Thank you. Well, counsel, obviously, we'll take the matter under advisement. We will issue an order in due course.